THE LONDON AND RIVER PLATE BANK, LIMITED, Appellant, *v.* THE HANOVER NATIONAL BANK, Respondent, Impleaded with ABRAHAM STEIN and Others.

*Bank — agreement with a depositor authorizing the bank to retain deposits as security for liabilities of the depositor to it — appropriation thereunder by the bank of moneys collected by the depositor as a factor.*

Where a firm, upon opening an account with a bank, executes an agreement authorizing the bank to retain all moneys deposited with it as security for all liabilities due or not due which the bank may have against the firm, and upon the failure of the firm to pay at maturity a draft executed by it, the bank appropriates the balance of the account standing to the credit of the firm upon the books of the bank, without knowledge that such credit represented moneys collected by the firm as a factor, the principal cannot recover from the bank the amount of the balance so appropriated.

*Quære,* whether the bank could seize the balance after a receiver of the property of the depositor had been appointed.

APPEAL by the plaintiff, The London and River Plate Bank, Limited, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of May, 1898, upon the decision of the court, rendered after a trial at the New York Special Term, as dismisses the plaintiff's complaint as to the defendant, The Hanover National Bank.

This appeal was transferred from the first department to the second department.

The Hanover National Bank having, on December 1, 1893, appropriated a credit standing to the account of the firm of Abe Stein & Co. upon the books of the bank, in part payment of claims owing to the bank by such firm, the plaintiff brought the present action seeking, with other relief, to recover the amount of the credit so appropriated, upon the ground that such credit represented the proceeds of certain merchandise which plaintiff had consigned to the firm of Abe Stein & Co. as factors.

*Edward M. Shepard* [*David B. Ogden* with him on the brief], for the appellant.

*Thomas S. Moore* [*Percy S. Dudley* with him on the brief], for the respondent.

PER CURIAM:

We assume that the plaintiff proved title to the moneys deposited by Stein & Co. on three several occasions to their personal credit with the respondent, the Hanover National Bank, amounting to the sum of $6,242.78. As until the time of the failure of Stein & Co. the bank account of that firm never fell below that sum, we are of opinion that the plaintiff's moneys must be considered as always on deposit in the bank. It is conceded that the respondent had no knowledge or notice of the claim of the plaintiff to these funds. Stein & Co. at the time of opening their account with the respondent executed an agreement, by which the latter was authorized to hold, collect and retain all moneys and property deposited with the bank as security for all liabilities due or not due, and then or thereafter to be contracted which the bank might have against that firm. On November 8, 1893, the respondent discounted for Stein & Co. a draft on Boston for $15,000 due December 1, 1893. The draft was

accepted by the drawee but not paid at maturity. Being notified of the non-payment by telegraph in the afternoon of December first, the Hanover National Bank immediately charged its amount to Stein & Co., thus appropriating the whole deposit balance of the firm. The learned counsel for the appellant, while conceding the rule that money has no earmarks and that a payment of money received in good faith for no other consideration than an antecedent debt, cannot be recovered by a party from whom it has been feloniously or fraudulently obtained, contends that the appropriation by the bank of a depositor's balance is not the same or equivalent to a payment by the depositor. This court, however, stands committed on this question. We have recently decided (*Meyers* v. *New York County National Bank, ante,* p. 482) " that the appropriation by the bank of such balance, without knowledge of the equities of third parties, stands on the same footing as a payment to it of that balance by the check of the depositor, and cannot be recovered." While appreciating the force of the appellant's argument on this question, our conclusion remains unchanged, and we do not deem it profitable to again discuss the question. This disposes of the plaintiff's whole claim except in one respect. On December first, the same day upon which the bank seized the deposit balance, a receiver was appointed of the firm of Stein & Co. The plaintiff claims that by the appointment of the receiver the title to the deposit passed to the receiver, and that, after the time of the appointment, the bank could not seize the balance. This might be so if it appeared that the receiver was appointed before the bank closed the account. But if this were the fact, we think it was incumbent upon the plaintiff to establish it affirmatively. This it has failed to do.

The judgment appealed from should be affirmed, with costs.

All concurred, except BARTLETT, J., absent.

Judgment affirmed, with costs.